(130 So. 80)
#### LOWERY v. LOWERY.
7 Div. 974.

Supreme Court of Alabama.
June 14, 1930.

Rehearing Denied Oct. 9, 1930.

See also, post, p. 567, 130 So. 77.

John B. Isbell and Haralson & Son, all of Ft. Payne, for appellant.

Lee S. Baker and Chas. J. Scott, both of Ft. Payne, for appellee.

ANDERSON, C. J.

While there may have been a conflict in the evidence as to whether or not the plaintiff and other legatees under the will of their father agreed to let the defendant, as named executor, settle the estate between them outside of court, all being adults, the complaint, that is, count 2, which sets out the quo modo, proceeds upon the idea that such was the case. That is, it ratifies the act of the defendant in

so winding up and settling the estate, acknowledges the payment to the plaintiff of his share of same less a one-seventh interest in the sum withheld by defendant for commissions and items that he should not have charged to the estate. Indeed, the case was tried upon the theory that the parties took under the will and that all the heirs, including the plaintiff, had been paid their share, less certain items which were not proper charges against the fund of the estate; the main items being $200 for a tombstone over the decedent and his wife, the plaintiff's parents, and the commission of 5 per cent. charged by the defendant for settling the estate. The will expressly authorized the purchase of the tombstone and the price paid for same was within the limit thereby fixed. Or, if there had been no will, this item would have been, no doubt, sanctioned as a legitimate charge in administering the estate. So too was the defendant entitled to a commission and which would have been the case if the estate was settled in court, either under the will or as administrator. We think the verdict of the jury was authorized by the law and was supported by the decided weight if not the undisputed evidence and should not have been disturbed by the trial court.

As to the other items questioned, they were either proper charges else the plaintiff's interest therein would be so insignificant as to justify the application of the rule "de minimis non curat lex."

The county court erred in setting aside the verdict of the jury, and the judgment is reversed, and one is here rendered reinstating the verdict and the judgment thereupon.

Reversed and rendered.

GARDNER, BOULDIN, and FOSTER, JJ., concur.

### On Rehearing.

ANDERSON, C. J.

It is suggested that the original opinion overlooked the fact that count 2 of the complaint did not go to the jury; that it was eliminated. We find nothing to show the elimination of this count in the judgment entry or the bill of exceptions. There does appear a statement or suggestion in the oral charge of the court that count 2 is out, but should this suffice to put it out, a point we may concede, we still think the right result has been reached by this court. The defendant's plea 2 in effect restates and reproduces the material averments of count 2, and said plea was proven by the great weight if not the undisputed evidence.

Application overruled.

GARDNER, BOULDIN, and FOSTER, JJ., concur.